IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHERRY ROBERTS FLANAGAN,      ) <br> ) <br> Plaintiff,      ) <br> ) <br> v.      ) <br> ) <br> PITTSYLVANIA COUNTY, VIRGINIA,      ) <br> et al.,      ) <br> ) <br> Defendants.      ) | Civil Action No. 7:19CV00413 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> Senior United States District Judge |

This matter is before the court on defendant Ronald Scearce's motion for partial summary judgment on plaintiff Sherry Roberts Flanagan's claim alleging a deprivation of due process in violation of 42 U.S.C. § 1983 (Count III) against Scearce in his individual capacity and in his official capacity as a member of the Pittsylvania County Department of Social Services ("DSS") Board.[1]  Briefing is complete, and the court held a telephonic hearing on the motion on August 19, 2020.  For the reasons stated, the court will deny the motion.

## Background

In 2006, Flanagan was hired as a DSS Supervisor.  In 2009, Flanagan was promoted to DSS Director, and she held that position until her termination in August 2018.  During the summer of 2018, Scearce began referring to Flanagan as "corrupt" or implied that she had engaged in "corruption" among other things.  Scearce reportedly denied Flanagan multiple opportunities to defend herself from these charges and clear her name.  Scearce and three other members of the local DSS Board voted to fire Flanagan on August 30, 2018.  ECF No. 52-1 ¶¶ 1–10.

---

[1]  The court recently issued a ruling on motions to dismiss filed by Scearce and other defendants.  Flanagan v. Pittsylvania Cty., Virginia, No. 7:19-CV-00413, 2020 WL 2754754 (W.D. Va. May 27, 2020).  Subsequently, Flanagan filed a motion to alter or amend that judgment, seeking that the court restore three other DSS board members as defendants in this action.  Flanagan has since moved to withdraw that motion, ECF No. 58, and the court will dismiss the motion on that basis.

Thereafter, Flanagan was unable to find employment with Roanoke, Franklin, Halifax, and Henry counties or with the cities of Roanoke and Danville. On November 25, 2018, Flanagan accepted a job with the Virginia DSS, in Richmond, a three-and-a-half hour drive from her residence in Henry County. Id. ¶¶ 10–12; ECF No. 49-1. Flanagan states further that her new job pays $25,000 less than she received as a Director, has fewer responsibilities than her previous role, and that she had to start over with sick and annual leave. ECF No. 52-1 ¶ 12.

## Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court "cannot weigh the evidence or make credibility determinations" on summary judgment. Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016). Instead, a "court sitting in summary judgment must always accept the facts in the light most favorable to the nonmoving party," and make "reasonable inferences" in her favor. Williamson v. Stirling, 912 F.3d 154, 179, 181 (4th Cir. 2018).

## Discussion

There are two parts to a claim that a governmental employer violated a former employee's Fourteenth Amendment right to due process by publicly disclosing the reasons for the employee's firing. First, the employee must establish that she has been deprived of a liberty interest, and does so by demonstrating that the charges against her by her governmental employer: "(1) placed a stigma on [her] reputation; (2) were made public by the employer; (3) were made in conjunction with [her] termination or demotion; and (4) were false." Sciolino v. City of Newport News, 480 F.3d 642, 646 (4th Cir. 2007) (citing Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 n.5 (4th Cir. 1988)). "Second, the employee must demonstrate that [her] liberty was deprived

without due process of law." Cannon v. Vill. of Bald Head Island, N. Carolina, 891 F.3d 489, 501 (4th Cir. 2018) (internal quotation marks omitted).

Scearce's motion focuses solely on the first Sciolino element, arguing that Flanagan has not suffered the requisite stigma because, although she was fired from her role of Director at the local DSS level, she is currently employed by DSS at the state level. See generally Wolf v. Fauquier Cty. Bd. of Supervisors, 555 F.3d 311, 321–22 (4th Cir. 2009) (describing structure of Virginia social services); Bockes v. Fields, 999 F.2d 788, 789 (4th Cir. 1993) (same). Scearce primarily relies on Abcarian v. McDonald, 617 F.3d 931, 941–42 (7th Cir. 2010). In that case, the United States Court of Appeals for the Seventh Circuit affirmed an order granting a motion to dismiss because the plaintiff had not lost his job, and ruled that the plaintiff's "fears that he will not be employed at additional health care institutions in the future" were not actionable. Id. ("One simply cannot have been denied his liberty to pursue a particular occupation when he admittedly continues to hold a job—the same job—in that very occupation.").

In opposition, Flanagan contends that Scearce's argument is foreclosed by precedent. In Cannon v. Village of Bald Head Island, the defendant had released certain damaging information when firing a set of plaintiffs. Thereafter, "each [plaintiff] either had difficulty securing a job or accepted a job with less significant responsibilities and lower pay." 891 F.3d at 501–05. The defendant essentially advanced the same argument as Scearce raises now, namely that a plaintiff asserting a stigma claim must be "effectively foreclose[d] from finding public employment." Id. The United States Court of Appeals for the Fourth Circuit disagreed, emphasizing that the proper standard is whether a defendant has "*restrict[ed]*" a plaintiff's "future employment opportunities." Id. (quoting Sciolino, 480 F.3d at 649) (emphasis added in Cannon); see also Ledford v. Delancey, 612 F.2d 883, 885 (4th Cir. 1980) (plaintiff contended that information "impaired his ability to

3

procure other employment"). Based on the plaintiffs' subsequent employment histories, the Fourth Circuit concluded that there was a reasonable inference of stigma on the plaintiffs' reputations. Id.

Likewise, in Ridpath v. Board of Governors of Marshall University, the Fourth Circuit rejected the defendants' argument that certain stigmatizing remarks did not accompany enough damage to the plaintiff's employment status to invoke his procedural right to due process. 447 F.3d 292, 307–10 (4th Cir. 2006). The plaintiff had been "relegated to a position for which he lacked the necessary education and training—a position that may have been prized by others," but which the Fourth Circuit described as "at best, a perilous detour on his career path and, at worst, a dead end." Id. at 309–10. The Fourth Circuit further noted that the plaintiff "had to be persuaded to accept this transfer with the offer of significant inducements," including a pay raise. Id. On these allegations, the Fourth Circuit ruled that the circumstances of the plaintiff's reassignment "fit neatly" with those that it and other courts had recognized would support a liberty interest claim. Id. at 310–12.

While Scearce argues that Cannon and Ridpath are distinguishable, the court concludes that Flanagan has the better reading of the caselaw.[2] As in Cannon, Flanagan has submitted evidence that she "had difficulty securing a job or accepted a job with less significant responsibilities and lower pay." Cannon, 891 F.3d at 503. For example, the position she eventually accepted was three-and-a-half hours away from her home, is "lower on the chain of command with fewer responsibilities" and involves a $25,000 pay cut compared to when she was a local DSS Director. ECF No. 52-1 ¶ 12. And as in Ridpath, Flanagan's career change was "neither voluntary nor an innocuous transfer." Ridpath, 447 F.3d at 310. At the very least— although Flanagan was actually fired in this case—it could be described as "a significant

---

[2] During oral argument, Scearce also contended that the Fourth Circuit's decisions in this area are out of step with rulings from other Circuit Courts of Appeal. Even if that is so, this court must follow binding precedent.

demotion." Id. While, in some sense, Flanagan now works at a "higher" level, at the state rather than local level, the court is convinced that the nature of her current employment does not preclude Flanagan from establishing the first Sciolino element. See id.

As a result, the court believes a reasonable jury could find that Scearce placed a stigma on Flanagan's reputation. Cannon, 891 F.3d at 502; see also Dennis v. S & S Consolidated Rural High School Dist., 577 F.2d 338, 340–44 (5th Cir. 1978) (concluding that a teacher's stigma claim was not foreclosed merely because he subsequently obtained employment in an adjacent district); Bryant v. Gardner, 545 F. Supp. 2d 791, 799 (N.D. Ill. 2008) (denying motion to dismiss where, although the plaintiff remained employed as a gym teacher, allegedly stigmatizing comments during his removal as a head coach would "significantly impact his ability to find a comparable coaching position in the future," given that the plaintiff was hired primarily for his coaching abilities and coaching was his chosen profession). Partial summary judgment is therefore improper.

## Conclusion

For the reasons stated, the court will deny the motion for partial summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 24th day of August, 2020.

                                                Senior United States District Judge