IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| SHERRY ROBERTS FLANAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 7:19-cv-413 |
| ) | |
| RONALD SCEARCE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S PETITION FOR BACK PAY AND FRONT PAY**

COMES NOW Plaintiff Sherry Roberts Flanagan, by counsel, and hereby provides this Petition for Back Pay and Front Pay, pursuant to 42 U.S.C. §§ 1988 and 1981a, the following:

**Types of Damages Available**

In a First Amendment Retaliation case, a prevailing plaintiff is entitled to back pay and "compensatory damages." *Carey v. Piphus,* 435 U.S. 247, 254 (1978). Compensatory damages may be presumed if a fixed amount is "difficult to establish." *Id*. at 262; *Dunn & Bradstreet, Inc. v. Greenmoss Builders*, *Inc.,* 472 U.S. 749, 760-61 (1985). Attorney's fees are also available. 42 U.S.C. § 1988(b)[1].

**Back pay and Front Pay**

The Supreme Court has held that back pay damages are "equitable" relief under the "civil rights statutes," including 42 U.S.C. § 1983, and are decided by the Court. *Albemarle Paper Co. v. Moody*, 422 U.S. at 418-419 (1975). The Fourth Circuit Court of Appeal has stated that the district judge properly awards back- and front pay. *Corti v.*

---

[1] Plaintiff is filing a separate attorney's fees petition and the jury has already decided on Ms. Flanagan's compensatory damages award.

1

*Storage Tech. Corp.*, 304 F.3d 336 (4th Cir. 2002) (back pay awarded by the Court); *Pecker v. Heckler*, 801 F.2d 709, 711 (4th Cir. 1986).

The Equal Employment Opportunity Commission, relying on *Moody*, has issued guidance that back pay is an equitable remedy decided by the Court. EEOC Management Directive 110, ch. 11, *available at* https://www.eeoc.gov/federal-sector/management-directive/chapter-11-remedies. Likewise, the EEOC views front pay as an equitable remedy. *Id.*

The total amount of back pay is the actual wages, and the value of any benefits, lost by the employee from the "date of the unlawful employment action took place and ends on the day of the judgment. *Patterson v. Am. Tobacco Co.,* 535 F.2d 257, 269 (4th Cir. 1976). Front pay is money awarded for the loss of employment after the date of judgment. *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Whether front pay is to be awarded is a matter left to the discretion of the trial judge. *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991).

A court should accept a plaintiff's request for back pay at face value unless a defendant provided evidence rebutting the issue of the appropriate amount of back pay and/or mitigation of damages. *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1274 (4th Cir. 1985); *Smallwood v. United Air Lines*, 728 F.2d 614, 620 (4th Cir. 1984) (suggesting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) stood for the proposition that defendant carries the burden of rebutting an initial showing of entitlement to damage by plaintiff); *Cooper v. Paychex, Inc.*, 960 F. Supp. 966, 1973 (E.D. Va. 1997).

Finally, a court should award pre and post judgment interested as provided by Virginia statutory law. *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th

Cir. 1993) (*en banc*) (affirming application of Virginia's statutory interest rate).

### Damages

During trial, Plaintiff's expert witness, David Ellis, testified that Plaintiff's total financial losses due to her termination were $200,877. Mr. Ellis testified that Plaintiff had losses in the following areas:

1. A loss of income due to re-employment at a lower wage;

2. A loss resulting from a reduction in paid leave hours and a lower calculated hourly wage;

3. A loss resulting from an increase in Ms. Flanagan's health insurance premiums through her new employer;

4. A loss associated with suspended contributions to a 529 college savings plan, specifically the lost earnings on those contributions; and

5. A reduced value at retirement of Ms. Flanagan's Virginia Retirement System (VRS) pension benefit due to accrual at a lower wage.

Mr. Ellis' testimony exactly mirrored that of his Expert Report, which was not in evidence at trial, but is attached as **EXHIBIT A** to this Petition, as the parties do not have the benefit of the trial transcript.

Mr. Ellis calculated his figures as follows:

1. Lost Wages: $120,629 between 2018 and 2023 assuming a 2.25 percent wage growth per year. Ms. Flanagan's latest salary with Pittsylvania County Department of Social Services ("PCDSS") in 2018 was $74,280;

2. Paid leave: $27,292 between 2019 and 2023;

3. Group health: $3,275 between 2019 and 2023 comprised of $655 per year of out-of-pocket expense for health insurance;

3

4. 529 Contributions: $4,784 due to loss of growth from Ms. Flanagan's customary $1,000 per month contribution that she was unable to make; and

5. VRS retirement cash value: $44,897 due to the difference in her expected wage growth at PCDSS and her current expected wage growth of her new position. Ms. Flanagan testified at trial that she was making approximately $25,000 less at her current job than as director of PCDSS.

Finally, as the Court has heard extensive evidence throughout all stages of trial, the equitable power of reinstatement of Ms. Flanagan to her former position of Director of PCDSS would be impossible.

### Rebuttal of claimed financial losses and mitigation

Defendant failed to produce any competing testimony on the quantum of back pay and front pay damages. Indeed, Defendant only challenged Mr. Ellis as to his actual calculations of damages. Defendant is not entitled to any reduction of back pay or front pay damages for Ms. Flanagan.

Ms. Flanagan testified at trial that she immediately began looking for work after her termination from PCDSS. Ms. Flanagan did not gain employment until approximately November of 2018 despite a diligent search.

### Conclusion

Plaintiff Sherry Roberts Flanagan respectfully petitions that the Court enter an award of back pay and front pay totaling $200,877 plus pre- and post-judgment interest at the Virginia statutory rate of six percent per year from August 30, 2018, pursuant to Va. Code Ann. § 6.2-302.

Respectfully Submitted,

**SHERRY ROBERTS FLANAGAN**

/s/ Thomas E. Strelka

Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB #92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB # 65766)
STRELKA EMPLOYMENT LAW
119 Norfolk Avenue, S.W.
Suite 330, Warehouse Row
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of October, 2021, the foregoing was sent to the following attorneys for the Defendant via the Court's electronic CM/ECF system.

Jim J. Guynn, Esquire
Jeremy Carroll, Esquire
Christopher Dadak, Esquire
Guynn Waddell Lockaby and Carroll, P.C.
415 S. College Avenue
Salem, VA 24153
(540) 387-2320
JimG@guynnwaddell.com
jeremyc@guynnwaddell.com
christopherd@guynnwaddell.com

*Counsel for Defendants*

                                                            */s/Thomas E. Strelka*